## Kephart v. Looker

*Lewis G. Steinberg,* for plaintiffs.
*Joseph G. Skelly,* for defendants.

BROWN, *P.J.,* November 21, 1980—

### FINDINGS OF FACT

On September 3, 1980 plaintiffs filed an amended complaint in these proceedings which was followed by defendant's preliminary objections regarding

counts II and III. In resolving the preliminary objections the court deems it necessary to review the facts alleged in the amended complaint, which for purposes of the present arguments must be accepted as true.

Plaintiffs are the elected Commissioners of Clinton County, having taken office on the first Monday of January, 1980, and are managers of county fiscal affairs under section 1701 of The County Code of August 9, 1955, P.L. 323, as amended, 16 P.S. §1701. In addition, plaintiffs have the power and duty to care for county dependents under section 2160 of The County Code. In furtherance of this latter duty to the elderly, Susque View Home was constructed by the Clinton County Municipal Authority at the request of plaintiffs' predecessors. In conjunction with the construction of that facility plaintiffs' predecessors entered into a lease agreement with the Clinton County Municipal Authority with the county assuming responsibility for the bond payments incurred in the construction of the home.

The county commissioners managed the home until the creation of Susque View Home Inc., a nonprofit corporation. This corporation was created on September 7, 1976 at the request of the County Commissioners for the purpose of assuming responsibility for the operation and maintenance of the Susque View Home. The rationale underlying the incorporation was to permit the home to obtain additional reimbursement through federal and state funding programs.

The individual defendants in this proceeding were designated by the then county commissioners as the incorporators for the nonprofit corporation and were appointed pursuant to the corporate

bylaws as the first board of trustees. At the time of the incorporation both the county commissioners and defendants were aware that reimbursement allocations could be adjusted at any time and that the home could revert to its former status if the applicable state and federal reimbursements favored such a change.

The bylaws and articles of incorporation were prepared by the county solicitor and represented the agreement between the commissioners and defendants regarding the operation of the home. Article IX of the articles of incorporation provided for three trustees to be appointed by the county commissioners prior to each annual meeting for a one-year term. Article VII, § 7.1, provided further that the entire board or any trustee thereof might be removed for cause by resolution of the county commissioners provided that the resolution also filled the vacancy so created. The purpose of these provisions in the articles of incorporation was to give the commissioners appointment and removal powers over the board of trustees so that the commissioners could retain control of the home and comply with their statutorily mandated operational and financial responsibilities.

On April 3, 1980 defendants without notice amended the corporation's articles of incorporation. That change embodied an alteration of Article IX to eliminate the commissioners' appointive powers as to the trustees and to place the appointive powers in the defendants. As a consequence it is alleged that defendants can take actions regarding the home without responsibility for fiscal management and without responsibility to the county taxpayers who are paying for the home and its operation.

On May 8, 1980 plaintiffs by resolution removed defendants as trustees and appointed themselves to fill the vacancies on the board. The alleged reason for this was because of defendants' attempt to remove control for the operation and fiscal management of the home from the county commissioners. Defendants' actions it is alleged are contrary to the agreements entered into by the parties at the time of incorporation as evidenced by the original articles of incorporation, the by-laws, an assignment dated July 1, 1977 and an undated agreement. The complaint further alleges that defendants' activities can create immediate and irreparable harm to plaintiffs as county commissioners and to the citizens of Clinton County by the expending of unnecessary, unwarranted moneys without accountability to the taxpayers.

With regard to relief under count I, plaintiffs request an injunction restraining defendants from acting as the board of trustees and from entering into any contracts or purchases for the home except for necessary and normal daily operations of the home. Second, under count I, plaintiffs request that defendants be surcharged for any expenditures except for normal and daily operational expenses of the home. Third, plaintiffs seek injunctive relief requiring defendants not to interfere with plaintiffs acting as the board of trustees.

With regard to count II of the complaint it is alleged that Susque View Home, Inc. is a nonprofit corporation regulated by the Corporation Not-for-profit Code, 15 Pa.C.S.A. §7101 et seq. It is further alleged that the administration of nonprofit corporations is in the orphans' court division pursuant to Pa.R.J.A. 2156. Plaintiffs contend that defendants' acts of amending the articles and the bylaws consti-

tuted gross abuses of authority or discretion and justifies their removal under section 7726 of the Corporation Not-for-profit Code and further that the aforesaid corporate action is reviewable by the court under section 7783 of the Corporation Not-for-profit Code. Under count II plaintiffs seek the removal of defendants as trustees and the appointment of themselves as trustees.

With regard to count III it is alleged that the Board of Commissioners of Clinton County acted unconstitutionally in 1976 in the filing of articles of incorporation and bylaws for Susque View Home, Inc., in their then existing form. It is further alleged that the subsequent agreements between the County Commissioners and Susque View Home, Inc., were unconstitutional in that they violated Pa. Const., Art. III, §31, as a prohibited delegation of power thereby separating the power to incur debts from the duty of providing for their payment by taxation. It is also alleged that the actions of the board of commissioners violated Pa. Const., Art. IX, §9, in the lending of the county's credit to a private corporation. Under count III plaintiffs request that the actions of the board of commissioners in 1976 regarding Susque View Home, Inc. be declared unconstitutional and therefore null and void.

## DISCUSSION AND CONCLUSIONS OF LAW

No preliminary objections have been filed to count I. The court therefore assumes that it may stand as pleaded without the need for any preliminary attention by the court.

With regard to count II defendants have filed several preliminary objections. These will be disposed of as presented in the following discussion.

The first objection raises a question of whether plaintiffs lack capacity to sue under sections 7726 and 7783 of the Corporation Not-for-profit Code. Under section 7726 an action must be upon the petition of any member or director of the corporation. Section 7103 of the Corporation Not-for-profit Code provides a statutory definition of "member," although defendants' bylaws and articles of incorporation provide that the corporation shall have no members. Section 7783 of the Corporation Not-for-profit Code provides for court review of corporate action "upon petition of any person whose status as, or whose rights or duties as, a member, director, member of another body, officer or otherwise of a non-profit corporation are or may be affected by any corporate action."

After considering the applicable statutory law, the court accepts plaintiffs' argument that they are members of the corporation under section 7103. If the corporate bylaws confer rights of members upon governmental entities, the governmental entity is a member of the corporation. In this case, the articles of incorporation (prior to the defendants' attempted amendment thereof) made provision for the commissioners to appoint and remove trustees and for an annual financial report to be provided to the commissioners. These rights in the county commissioners are considered to be membership rights as envisioned by sections 7725, 7726 and 7555(a). Thus, the court finds that plaintiffs represent a governmental entity having membership rights in Susque View Home, Inc. within the meaning of section 7103 and may thus maintain the present action under section 7726.

With regard to plaintiffs' status under section 7783, since the court has previously found that

plaintiffs are members of the corporation for purposes of section 7726, that finding would also apply to section 7783. Since defendants' actions in amending the articles of incorporation affected plaintiffs' status as members of the corporation, plaintiffs have the standing to proceed under that section. There is no need to consider plaintiffs' other arguments relating to their standing under section 7783.

A second objection registered to count II is that Pa.R.J.A. 2156 does not confer jurisdiction on the court to hear count II. The court agrees with this conclusion; however, plaintiffs' standing under sections 7726 and 7783 does confer jurisdiction so that the effect of Rule 2156 on these proceedings is without significance in the context of the present issues.

Turning to count III, defendants contend that plaintiffs lack capacity or standing to sue. This argument seems to have several reasons attached to it.

Initially, defendants argue that plaintiffs are attacking the constitutionality of acts taken by their predecessors. Defendants have cited no authority for the proposition that this cannot be done. Therefore, this part of defendants' argument will be rejected.

Defendants' second argument regarding plaintiffs' standing to raise the constitutional issues in question contends that the nature of plaintiffs' interest in the present claim is not sufficient. Defendants contend that plaintiffs' complaint does not allege a direct and substantial interest as required by the appellate decisions of this Commonwealth.

In evaluating defendants' argument it is necessary to review the specifics of each count alleged in

the complaint. As the court perceives those allegations, it is plaintiffs' position that the constitutional issue is alleged as an alternative ground for relief. In effect, count I alleges that defendants in amending the articles of incorporation violated an agreement between themselves and plaintiffs' predecessors. If the court fails to accept plaintiffs' position regarding such an agreement, it is then contended under count II that defendants grossly abused their discretion in amending the articles of incorporation and as a consequence they should be removed from their positions. If the court rejects that argument, then the constitutional issue contained in count III is being asserted by plaintiffs on the premise that the relationship created by plaintiffs' predecessors and defendants amounts to an impermissible delegation of governmental power to private individuals which is subject to judicial invalidation or in the alternative that said relationship amounted to an unlawful lending of the county's credit.

With these concepts in mind plaintiffs have alleged in count III that the articles of incorporation and the bylaws of Susque View Home, Inc. as filed by their predecessors in 1976 taken together with any subsequent agreements entered into by them operated as an unconstitutional delegation of power in violation of Pennsylvania Const., Art. III, §31, or as an unconstitutional lending of the county's credit in violation of Art. IX, §9. Whether the circumstances justify either of these conclusions is not a matter for decision at this time. However, if either argument is valid then plaintiffs as the present elected representatives of county government are directly and substantially affected by the operation of Susque View Home under the authority and powers being asserted by the defendants. Plaintiffs

in their official capacities could conceivably be called upon to levy taxes and appropriate moneys contrary to constitutional law. As such, their interest in the present controversy is both substantial and direct and they are entitled to have the issues litigated: William Penn Parking Garage v. City of Pittsburgh, 464 Pa. 168, 346 A. 2d 269 (1975).

Defendants have also objected to count III on the ground that plaintiffs have failed to join a necessary party (i.e., the prior board of county commissioners). No authority has been cited in support of this conclusion. In the court's judgment whether the actions of plaintiffs' predecessors were unconstitutional can be litigated without having the board of commissioners as it existed in 1976 named as parties to the action. No purpose would be served in doing this since the present lawsuit is not one for money damages, but instead, is an exercise in having a judicial declaration of the respective rights of the parties regarding the operation of the county home. With this in mind it is only necessary to have before the court those parties who will be directly and presently affected by any court decision on the matter.

Defendants' final objection contends that count III, if allowed to stand, is too vague and should be supplemented by a more specific pleading. To some extent this objection is predicated upon the alternate grounds for relief asserted in counts I and III which are inherently inconsistent. Such a pleading situation is not uncommon when alternative grounds for relief are being asserted. However, this does not by itself justify an order requiring a more specific pleading. As previously discussed, plaintiffs have alleged their predecessors' execution of specific documents and agreements as constitut-

ing the unconstitutional acts entitling them to relief. From a purely factual standpoint, defendants are on notice as to these items and to require a more specific pleading would violate the prohibition against pleading evidence. Accordingly, the request for a more specific pleading will be denied.

## ORDER

And now, November 21, 1980, based upon the foregoing memorandum, it is hereby ordered that defendants' preliminary objections be dismissed and the requested relief be denied.